## Case No. 2,019.

### BROWN v. MECHANICS' & MERCHANTS' INS. CO. OF POTTSVILLE.

[6 Reporter, 643.][1]

Circuit Court, E. D. Pennsylvania. Oct. 12, 1878.

INSURANCE—NOTICE OF LOSS — REASONABLE TIME —LAW AND FACT.

Under a policy requiring notice of a loss to be given "forthwith," it is sufficient if the assured give notice within a reasonable time, under all the circumstances of the case, and where there are circumstances which may excuse or account for a delay, the question of what is reasonable time is for the jury.

At law. Motion for new trial. [Granted.]

This was an action on a policy of insurance [issued by the Mechanics' & Merchants' Insurance Company of Pottsville, Pa.] on a property belonging to Brown, situated in Pittsburg, N. H. By the terms of the policy the loss, if any, was payable to Geo. Bancroft, mortgagee, and the policy required that "in case of loss or damage by fire the assured shall forthwith give notice in writing to this company, and as soon as possible thereafter shall furnish, under oath or affirmation, if required by the company, the cause or origin of the fire, if known, as particular an account of the loss or damage as the nature of the case will admit," etc. By the testimony it appeared that Brown resided in Boston, Mass. That his agent, charged with the general oversight of the Pittsburg property, was one Hartshorne, of Canaan, N. H., and that one Danforth, a neighboring farmer, had the keys of the property; that the policy was obtained by Brown from one Kent, an insurance broker of Lancaster, N. H., who obtained it through another insurance broker, one Rollins, at Philadelphia, from the general agent of the company at that place, the premium being transmitted through the same instrumentalities; that a fire occurred on the night of September 26th, 1876; that Brown was then in Boston, and Hartshorne absent from home until October 6th, when he received a notice of the accident, which had been sent him by Danforth the day after the fire; that he immediately notified Kent, who the same day sent notice to Rollins, who had removed to Cincinnati, and Rollins, the same day he received it, sent it to the Philadelphia agent; that, after this, frequent notes were sent by Hartshorne to the company asking for instructions as to proof of loss, which were not answered by the company, and he finally, on December 8, 1876, sent proofs made up without such instructions. The defendant contended that there had not been a compliance with the condition as to notice. The court directed a verdict for plaintiff, and reserved the question as to whether the notice and proofs of loss were a sufficient compliance with the provision with reference thereto in the policy.

[1] [Reprinted by permission.]

W. J. Budd (with him L. W. Doty), for the motion.

The condition requires reasonable diligence. West Branch Ins. Co. v. Helfenstein, 4 Wright [40 Pa. St.] 290. For cases where delay has been held a defence, see Trask v. State F. & M. Ins. Co., 5 Casey [29 Pa. St.] 198; Inland Ins. & D. Co. v. Stauffer, 9 Casey [33 Pa. St.] 402; Edwards v. Lycoming Co. Mut. Ins. Co., 25 P. F. Smith [75 Pa. St.] 378. A local agent has not authority to receive notice, and is not bound to transmit it to the company. Edwards v. Lycoming Co. Mut. Ins. Co., supra. See, also, Wilson v. Conway F. Ins. Co., 4 R. I. 141; 10 Gray, 131.

J. M. Moyer, contra.

The insurance broker is not to be regarded as the agent of the assured merely. Union Mut. Life Ins. Co. v. Wilkinson, 13 Wall. [80 U. S.] 233; West Branch Ins. Co. v. Helfenstein, 4 Wright [40 Pa. St.] 289; Lycoming Mut. F. Ins. Co. v. Bedford, 2 Wkly. Notes Cas. 529; Woodbury Sav. Bank & Bldg. Ass'n v. Charter Oak F. & M. Ins. Co., 31 Conn. 517; Columbia Ins. Co. v. Cooper, 14 Wright [50 Pa. St.] 340; 36 N. Y. 285. Where a local agent is authorized by the general agent to deliver policies and collect premiums, the assured may consider him as the agent of the company until notified to the contrary. 43 Barb. 351; 31 Conn. 517; Southern Life Ins. Co. v. McCain, 96 U. S. 84; Union Mut. Life Ins. Co. v. Wilkinson, supra. The policy in the present case merely requires notice to the company, not to a special offer, and in such case notice to a local agent is sufficient. West Branch Ins. Co. v. Helfenstein; Lycoming Mut. F. Ins. Co. v. Bedford, supra; 3 Atk. 646; 1 Ves. Sr. 64; 13 Ves. 120. As to the reasonableness of the time within which the notice was given, see Lycoming Mut. F. Ins. Co. v. Bedford, supra; Ang. Ins. 230; Fland. Ins. 561; Edwards v. Baltimore F. Ins. Co., 3 Gill, 176; St. Louis Ins. Co. v. Kyle, 11 Mo. 289; Northwestern Ins. Co. v. Atkins, 3 Bush, 330; McMasters v. Westchester Co. Mut. Ins. Co., 25 Wend. 381; 20 Barb. 475. The absence of Hartshorne and Brown at the time of the fire was a sufficient excuse for the delay of the notice in reaching the company.

McKENNAN, Circuit Judge, and CADWALADER, District Judge, held that the Pennsylvania cases cited by defendant's counsel were modified by the case in 2 Wkly. Notes Cas., and would be illiberally construed if held to rule the present case as on a matter of law against the plaintiff; that there were circumstances in the case which might excuse the delay in giving notice on the part of the plaintiff, namely, the distance of the premises from the insurance office; the absence of the plaintiff and his agent from the scene of accident;

that the assured was justified in sending notice of loss through the same instrumentalities by which he received his policy and paid his premium; and at the question of whether the plaintiff, under all the circumstances, had been guilty of laches in not sending notice before October 6th, the fire occurring September 26th, was for the jury. And the question of sufficiency of notice having been reserved, the court granted a new trial, on terms, that the question of reasonable promptness of notice might be submitted to the jury, the trial to take place at the current term.

[NOTE. The jury found that sufficient notice was given.]